IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHARLES ERNEST MARSHALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-046 |
| | § | |
| DEXTER EAVES, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Charles Ernest Marshall, a former Victoria County Jail inmate, filed a prisoner civil rights complaint under 42 U.S.C. § 1983 naming as defendants his former attorney James R. Beeler, Victoria County Sheriff Dexter Eaves, and the Victoria County Jail Medical Department. In a subsequent pleading, Marshall has sought to add former Sheriff Michael Ratcliff, Detective Gary Smejkal, Victoria County Jail inmate Balazar Walter Martinez, and Dr. Linda Heffernan as defendants. Marshall has also filed an Application to Proceed In Forma Pauperis. The court ordered Marshall to file a more definite statement concerning his allegations. Marshall has submitted a motion (Docket Entry No. 19) with attached documents which the court will construe to be a response. After reviewing the pleadings, the court has determined that this action should be **DISMISSED** as frivolous.

**I. Claims and Allegations**

Marshall claims that he has been denied medical attention and illegally prosecuted. On March 3, 2003, Marshall was involved in an automobile accident in which he received numerous serious injuries including five fractured vertebrae, four fractured ribs, and a collapsed lung. Although he nearly died, doctors at the Audie Murphy Veteran's Hospital in San Antonio, Texas,

managed to save his life. Unfortunately Marshall continues to suffer many ailments including partial paralysis and is in constant pain. He has been under the continuing care of the VA Hospital System and the University of Texas Pain Center for treatment.

On January 30, 2004, Marshall was arrested and charged with selling methadone to Smejkal who was apparently working undercover. Marshall alleges that Smejkal and another detective named Jeff Hunter were working with Balazar Walter Martinez, an apparent informant, in an endeavor to entrap people in drug transactions. Marshall speculates that Martinez was cooperating with the detectives in order to achieve dismissal of a child molestation charge that was pending against him in Tarrant County, Texas.

At the time of his arrest, Marshall was scheduled for another surgery on February 4, 2004. Despite Marshall's condition, a policewoman named Gamez handcuffed him causing him to suffer great pain and paralysis. When he was taken to the Sheriff's Department, a nurse examined him and told the officers to take him to the emergency room for treatment. However, the doctors at the emergency room said they could not help Marshall so he was released instead.

Marshall was later arraigned and posted bond in one of the state district courts of Victoria County. However, he was later rearrested when he failed to appear for a hearing. Marshall claims that he had difficulty attending the hearings due to his physical ailments and his numerous doctors' appointments. On March 9, 2005, his attorney, James R. Beeler, left a message warning Marshall that his bond had been forfeited and that he needed to get a doctor's statement verifying his condition. Marshall contends that this was a ruse to lure him into his physician's office where he was arrested. Marshall further asserts that he was held for 56 days in jail and was denied proper pain medication. He admits that the jail authorities have tried to give him medication, but it was only ibuprofen and methadone which are ineffective. Marshall complains that he was treated as a drug addict and not a person with a serious pain affliction.

He further complains that Dr. Heffernan of the VA hospital stopped his pain medication while he was incarcerated because he called in to renew it. Marshall states that he had to renew it by phone because of his situation as a jail inmate. The VA officials told Marshall that the prescription was not renewed because they could not trace the phone call; however, Marshall discounts this as false. Without providing any supporting facts, Marshall states that it is his belief that Dr. Heffernan has tried to prevent him from going to the University of Texas Pain Center.

On May 4, 2005, Marshall appeared in court with Beeler acting as his attorney. Marshall asserts that Beeler persuaded him to accept a plea offer in which Marshall agreed to plead no lo contendere to the drug charge in exchange for a sentence in which he did not have to serve any more jail time. He states that he accepted the terms only because he was afraid that he would die if he was taken back to jail. Marshall asserts that he suffered a heart attack two weeks after he was released from jail, and that he believes the episode was brought on by the poor treatment he received while he was in jail.

Marshall seeks an order rescinding the actions of the state court and disciplining the state court officials as well as Beeler. He further seeks an injunctive order allowing him access to the University of Texas Pain Center and any necessary prescription medications.

## II. Analysis

Marshall was released from jail after filing his suit. Consequently, his request for an injunctive order is moot to the extent he seeks access to medical treatment while incarcerated. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Moreover, his allegations do not indicate that he was denied treatment while he was in jail. Marshall complains that he was denied treatment during the brief period when he was first arrested but admits he was released when it was clear that the jail could not treat him. Such an action does not indicate that anyone was deliberately indifferent to his serious

medical needs. *Gibbs v. Grimmette*, 254F.3d 545, 549 (5th Cir. 2001). When he was later rearrested and held for 56 days, Marshall complains that he was given the wrong medications. The alleged facts only suggest a claim of negligence or medical malpractice; they do not support a violation of Marshall's constitutional right to basic medical care. *See Hall v. Thomas*, 190 F.3d 693, 697-98 (5th Cir. 1999); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996). Marshall's speculation that his subsequent heart attack was brought on by the alleged deprivations is too attenuated to support a claim of deliberate indifference in that there is no indication that any jail officials could have foreseen such an outcome. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Moreover, Marshall has submitted records as well as alleged facts that show that he was receiving regular care although it may not have been to his personal satisfaction. His dispute with Dr. Heffernan over the medication and therapy he should get indicates a difference of opinion over his treatment, not an act of deliberate indifference to his health needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). His unsubstantiated suspicion that Dr. Heffernan is trying to stop him from getting help is not enough to establish a case. *See Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992) (conclusory allegations do not support a § 1983 complaint); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985) (plaintiffs in civil rights cases plead "specific facts, not merely conclusory allegations.").

Marshall alleges that Officer Gamez injured him by placing him in handcuffs. He does not assert facts which demonstrate that the officer was aware of his condition or used force that was objectively unreasonable. *See Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998), *citing Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). Moreover, District Attorney Eaves and former Sheriff Ratcliff are the only law enforcement officials named as defendants in the

proceeding. The claim is dismissible because neither individual was involved in the arrest. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Marshall alleges that Smejkal, Martinez, and Beeler were involved in activities which resulted in his conviction. There are no facts indicating any collusion, and Marshall's allegations fall far short of supporting any claim of an illegal conspiracy. *See Priester v. Lowndes County,* 354 F.3d 414, 423 n.9 (5th Cir. 2004) (conspiracy claims cannot rely on conclusory statements); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Absent a showing of conspiracy or some other agreement between the parties, Marshall has failed to establish a claim because Martinez and Beeler are not state actors and cannot be held liable under 42 U.S.C. § 1983. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743 (5th Cir.2001). *See also Mills v. Criminal District Court #3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Marshall's allegations concerning the wrongdoings of Smejkal, Martinez, and Beeler present a challenge to the validity of his drug conviction. *See Wells v. Bonner*, 45 F.3d 90, 95-96 (5th Cir. 1995) (false arrest); *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (ineffective assistance of counsel). He admits that he pled guilty to the charge, and there is no indication that the conviction was overturned. If Marshall wants to challenge his conviction, he must file a petition for a writ of habeas corpus. *Johnson*, 101 F.3d at 424, *citing Heck v. Humphrey*, 114 S.Ct. 2364 (1994). He cannot seek relief in a civil rights proceeding until he has successfully challenged the criminal judgment by a proper post-conviction habeas petition. *Id*.

Marshall has filed this action without paying the filing fee. The court is authorized to dismiss such actions if they are frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. *Harper v. Showers*, 174 F.3d 716, 718 (5th

Cir. 1999); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). This complaint has no merit and, therefore, will be **DISMISSED** as frivolous.

### III. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 18) is **GRANTED**.

2. The Motion to Submit a More Definite Statement (Docket Entry No. 19) is **GRANTED**.

3. This cause of action, filed by Charles Ernest Marshall, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 27th day of March, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE